María Ruiz, demandante y apelada, *v.* Justino Barreto y Ana Luisa Rodríguez, menor de edad representada por su madre con patria potestad, Rosario Hernández, demandados y apelante el primero.

No. 6252.—*Sometido:* Marzo 14, 1934. *Resuelto:* Marzo 21, 1934.

*Luis Vergne Ortiz*, abogado del apelante; *Carlos D. Vázquez*, abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Versa este caso sobre hogar seguro. Se originó en la Corte Municipal de San Juan, donde fué fallado a favor de la demandante. Fué en apelación a la corte de distrito, que lo decidió por sentencia favorable también a la demandante. Se encuentra ahora ante esta Corte Suprema bajo un señalamiento de errores que imputa la comisión de seis al tribunal sentenciador. Este en su relación del caso y opinión narra los hechos como sigue:

"José Machado y su esposa la ahora demandante, María Ruiz adquirieron por escritura No. 40 de 9 de octubre de 1920 cierto solar que se describe en la demanda y en el mismo edificaron una casa que vivieron con sus hijos. El 22 de octubre de -1926 y por escritura No. 183, ante el notario Enrique Campillo Abrams, los indicados esposos Machado-Ruiz constituyeron hipoteca voluntaria 'a favor del demandado Justino Barreto Aldahondo, en garantía de un préstamo por la cantidad de $400.00, con intereses a razón de uno por ciento mensual y un crédito adicional de $100.00 para costas, gastos y honorarios de abogado, de cuyos $400.00, $250.00 *fueron utilizados para cancelar una hipoteca a que se hallaba afecta la finca y en cuanto a los $150.00 restantes convinieron verbalmente u ofrecieron al acreedor emplearlos en mejoras de la finca.* Los esposos Machado-Ruiz continuaron viviendo su casa y habiendo fallecido el esposo, José Machado, continuaron en la misma su viuda, María Ruiz, la demandante, y sus menores hijos. En estas condiciones Justino Barreto, o sea, el acreedor, procedió a ejecutar su hipoteca y celebrada la subasta le fué adjudicada la finca, habiendo tomado posesión de la misma y vendídola más tarde a su actual poseedora, Ana Luisa Rodríguez. Después de haber desocupado la casa y entregado la misma a Barreto, María Ruiz radicó la presente demanda en la Corte Municipal de San Juan contra el acreedor Justino Barreto, y la actual dueña de la finca, Ana Luisa Rodríguez, reclamando la cantidad de $500.00 por el concepto del *homestead* que ale-

gaba tener sobre la indicada finca. Celebrado el juicio, la Corte Municipal de San Juan, Sección Primera, dictó sentencia con fecha 10 de mayo de 1932 declarando con lugar la demanda en cuanto al demandado Justino Barreto Aldahondo, sin lugar en cuanto a la codemandada Ana Luisa Rodríguez, y condenando al primero a pagar a la demandante la cantidad de $500.00, sin costas, contra cuya sentencia apeló solamente Justino Barreto para ante esta Corte de Distrito.''

Seguidamente resume las cuestiones a resolver, así:

"1.—Si el hecho de haberse pagado con parte del préstamo una hipoteca anterior al mismo, impide que el deudor pueda alegar con éxito el derecho de *homestead,* por lo menos en cuanto a dicha cantidad de $250.00 que fué invertida en la cancelación de la referida hipoteca, y,

"2.—Si el hecho de haberse convenido que el restante del préstamo habría de utilizarse en mejoras impide también que el deudor pueda alegar su derecho de *homestead* cuando en realidad de verdad dicho dinero no fué realmente empleado por el deudor en mejorar la finca.''

Ambas cuestiones las decide en la negativa, y procede a dictar la sentencia que es motivo de esta apelación.

Aunque los errores abarcan un radio mayor que el que surge de los anteriores hechos, a ellos nos limitaremos en nuestro estudio porque son los esenciales. Así lo hizo el propio abogado de la parte apelante circunscribiendo su informe oral el día de la vista del recurso a los errores tres y cuatro que a ellos se refieren. Los restantes errores son manifiestamente improcedentes.

Antes de comenzar su estudio parece justo decir que la parte apelada en su alegato sostiene que la corte sentenciadora fué demasiado lejos al estimar probado que el dinero prestado por el demandado se utilizó en parte ($250) en cancelar la hipoteca a que se hallaba afecta la finca de la demandante, y al estimar también probado que se convino verbalmente que el resto del préstamo ($150) se emplearía en mejorar la finca, y que quizá tenga razón. Al menos el documento público en que el préstamo se hizo constar no contiene referencia alguna a dichos convenios.

Prescindiendo, sin embargo, de ello y partiendo de la base establecida por la corte sentenciadora, veamos si las cuestiones indicadas fueron o no debidamente resueltas en la negativa.

El tercer señalamiento se formula así:

"La corte cometió error al estimar que el hecho de haberse pagado con parte del préstamo una hipoteca anterior al mismo, no impide que el deudor pueda alegar con éxito el derecho de *homestead*, en cuanto a la suma que fué invertida en la cancelación de la referida hipoteca."

El estatuto nuestro sobre la materia dispone que el derecho de hogar seguro sólo podrá dejar de reclamarse cuando la ejecución de la propiedad sobre que está constituído procede a virtud de la falta de pago de las contribuciones impuestas a la misma, del precio de su compra, *o de la responsabilidad incurrida para mejoras que en ella se hicieren.* En tal virtud sólo hubiera podido tener éxito la defensa del demandado si se hubiera demostrado que la hipoteca cancelada con parte del dinero que prestó a la demandante se había constituído para hacer frente a todas o a alguna o algunas de las indicadas obligaciones, y tal demostración no se hizo.

No se cometió, pues, el error que el demandado-apelante atribuye a la corte bajo el número tercero. Examinemos el cuarto. Se formula así:

"La corte cometió error al interpretar que el acreedor no tiene derecho a reclamar el dinero tomado a préstamo que había de utilizarse en mejoras, cuando éstas no fueron hechas, declarando que no es suficiente el convenio o promesa de hacer tales mejoras."

Tampoco fué cometido, a nuestro juicio. Todo lo que se alegó en la contestación y se probó a lo sumo en el juicio fué:

"1. Que de acuerdo con la escritura No. 183 el referido préstamo de $400.00 fué efectuado para la cancelación de una hipoteca por $255.00 y sus intereses que adeudaba la referida propiedad, y el so-

brante de dicho préstamo era con el objeto de terminar la obra de construcción y mejoras de dicha propiedad.''

Y estamos enteramente conformes con la corte sentenciadora en que la ley vigente en Puerto Rico exige algo más. Requiere que la responsabilidad en que se incurra lo sea ''por mejoras que se hicieren en la misma,'' esto es, en la propiedad constituída en hogar seguro. ''Liability incurred for the improvements placed thereon,'' dice el texto inglés de la ley. Artículo 1 de la Ley para definir el ''Homestead'' (Hogar Seguro) y para exentarlo de una venta forzosa, aprobada el 12 de marzo de 1903. Código de Enjuiciamiento Civil, ed. 1933, pgs. 306 y 307.

En su informe oral el abogado de la parte apelante llamó la atención hacia lo dispuesto en el artículo 4 de la ley y sostiene que si el artículo 1 se interpreta en armonía con el 4, debe concluirse que no es necesario que las mejoras se hagan *realmente,* bastando con que el dinero *se tome* para hacerlas.

No estamos conformes. El *disponiéndose* del artículo 4 invocado es como sigue:

''*Disponiéndose,* que esta sección no será de aplicación a ninguna venta que se haga para obligar al pago de contribuciones que adeude dicha propiedad o a la deuda o gravamen incurrido para (por) la compra de la misma, *o para las mejoras que en ella se hicieren,* o cuando se hiciere dicha venta en virtud de traspaso en que se haga renuncia de la exención que dispone la sección 3 de esta Ley.''

Las itálicas son nuestras y fijando la atención en ellas se ve que están en completa armonía con el artículo 1. Mejoras *que en ella se hicieren,* exige siempre el legislador. ''For the improvements thereon,'' dice el texto inglés, conservando si no expresa implícitamente la palabra ''placed'' del artículo 1.

La interpretación que damos a la ley puertorriqueña está en armonía con la dada en el continente a leyes similares. Véase 29 C. J. 868 a 870.

*Debe confirmarse la sentencia recurrida.*